**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| JONATHAN YATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV426-245 |
| | ) | |
| IQ DATA INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Jonathan Yates has filed a Complaint which asserts that Defendant violated the Fair Debt Collection Practices Act. *See generally* doc. 1. He also moved to proceed *in forma pauperis*. Doc. 2. Because the Court was unable to conclude from his application that he was indigent, it directed him to supplement it. Doc. 5. He complied. Doc. 6. Because his application, as supplemented, shows that he is not indigent, his application should be **DENIED**. Docs. 2 & 6.

As the Court's prior Order noted, it appeared from Yates's original application that he had sufficient monthly discretionary income to pay the required filing fee. *See* doc. 5 at 1-2. Yates's supplemental application discloses that his average monthly income is approximately

$2,250. Doc. 6 at 1-2. He discloses approximately $2,450 in available funds in various bank accounts. *Id.* at 2. Finally, he discloses approximately $1,425 in monthly expenses. *Id.* at 4-5. Thus, even if the Court disregarded his substantial available funds, his supplemental application shows that his monthly discretionary income is sufficient to pay the required filing fee.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it is not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Since Yates discloses sufficient available funds and discretionary income to pay the required filing fee, his application to proceed *in forma pauperis* should be **DENIED**. Docs. 2 & 6. Should the assigned district judge agree with this recommendation, Plaintiff should be afforded 21 days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 23rd day of September, 2026.

Christopher L. Ray

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA